## TAXIS v. UNITED STATES (No. 36).[1]

BOLERO JACKETS FOR WOMEN.

Garments designed to be worn about the shoulders by women, if made in network or openwork design and of silk cord and braid, taking a shape like that of bolero jackets, were dutiable as articles of wearing apparel wholly or in chief value of silk, under paragraph 390, tariff act 1897.

## United States Court of Customs Appeals, November 30, 1910.

APPEAL from a decision of the Board of United States General Appraisers (T. D. 29946).

[Affirmed.]

*Brown & Gerry* for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

By this appeal we are called upon to say whether or not the Board of General Appraisers at New York was correct in affirming the action of the collector, assessing certain merchandise for duty at 60 per cent, under paragraph 390 of the tariff act of July 24, 1897. That paragraph reads as follows:

390. Laces, and articles made wholly or in part of lace, edgings, insertings, galloons, chiffon or other flouncings, nets or nettings and veilings, neck rufflings, ruchings, braids, fringes, trimmings, embroideries and articles embroidered by hand or machinery, or tamboured or appliqued, clothing ready-made, and articles of wearing apparel of every description; including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the above-named articles made of silk, or of which silk is the component material of chief value, not especially provided for in this act, and silk goods ornamented with beads or spangles, of whatever material composed, sixty per centum ad valorem: *Provided*, That any wearing apparel or other articles provided for in this paragraph (except gloves) when composed in part of india-rubber, shall be subject to a duty of sixty per centum ad valorem.

The importers, appellants, specify paragraph 391 as that which should control. We quote it:

391. All manufactures of silk, or of which silk is the component material of chief value, including such as have india-rubber as a component material, not specially provided for in this act, and all Jacquard figured goods in the piece, made on looms, of which silk is the component material of chief value, dyed in the yarn, and containing two or more colors in the filling, fifty per centum ad valorem: *Provided*, That all manufactures, of which wool is a component material, shall be classified and assessed for duty as manufactures of wool.

If we can clearly ascertain just what the articles consist of and to what uses they are put, the difficulties of the case will readily disappear and classification become simple.

Some of the articles are network garments, to be worn upon the shoulders and backs and fronts of the dresses of women. They are really short network jackets, made of silk cord and braid, fitting to the neck and shoulders, and shaped much like what are generally known as bolero jackets. While, doubtless, these are worn principally

---

[1] Reported in T. D. 31109 (19 Treas. Dec., 1230).

for their style, yet they must have some practical usefulness as coverings, and are very clearly articles of wearing apparel, dutiable under paragraph 390.

Other articles are also made of silk cord and silk braid. They are of open-work design, intended to be worn upon the neck, front, and upper part of the back of a woman's dress or waist. While they are not like jackets, they have fitting necks and are suitable and adapted for use as parts of the collars of women's waists. These garments may be stitched or pinned onto a waist, yet evidently they can be easily taken off one and put upon another. We should say that although ornamentation is their important use, still they are none the less collars for women's wear, and are, when imported, in fit condition to be used by being pinned or stitched to the neck of waists or other garments worn about women's necks and shoulders.

We are of the opinion that the Board of General Appraisers properly held that the articles were collars made of silk and silk braid, and were therefore dutiable as articles of wearing apparel wholly or in chief value of silk.

As bearing upon the question, see Goldenberg *v*. United States (130 Fed. Rep., 108); Goldenberg *v*. United States (152 Fed. Rep., 658); United States *v*. Hesse (158 Fed. Rep., 407; T. D. 28519).

This decision does not overrule Garrison, Wright & Co. *v*. United States (121 Fed. Rep., 149), a decision by the Circuit Court for the Southern District of New York, and relied upon by appellants, for it does not appear that the articles before the court in that case were collars or wearing apparel.

The decision of the Board of General Appraisers is affirmed.